1  Drew Henwood, Esq.
   The Law Offices of Drew Henwood
2  93Devine Street, Suite 100
   San Jose, CA  95110
3  California Bar No. 184529
   (408) 279-2730
4  (408) 279-2735 fax
   email: henwood.drew@gmail.com
5

6

7

8  Attorney for debtors

9  Guy Quientin Reynolds and Mary Lynn Henderson

10

11

12                          **UNITED STATES BANKRUPTCY COURT**
                            **NORTHERN DISTRICT OF CALIFORNIA**
13

14  | In re | Case No. 10-55885-SLJ-13 |
    |---|---|
    | **GUY QUIENTIN REYNOLDS**, and **MARY LYNN HENDERSON**, | Chapter 13 |

15

16                Debtors.

**MOTION TO COMPEL RETURN OF VEHICLE REPOSSESSED IN VIOLATION OF TITLE 11 U.S.C. §362(a)(3) AND REQUEST FOR ASSOCIATED ATTORNEY FEES, COSTS AND FOR SANCTIONS**

17

18  **GUY QUIENTIN REYNOLDS**, and **MARY LYNN HENDERSON**,

19                Movants,

| **DATE:** | August 11, 2011 |
|---|---|
| **TIME:** | 9:30 a.m. |
| **PLACE:** | United States Bankruptcy Court |

20  vs

280 S. 1st Street, Courtroom 3099
San Jose, California 95113

21  **CARS AND TRUCKS FOR SALE BY OWNER, LLC**,

| **BEFORE:** | The Honorable Stephen L. Johnson |
|---|---|

22

23                Respondent.

24

25      Guy Quientin Reynolds and Mary Lynn Henderson (hereinafter collectively referred to as the

26  "Debtors") hereby move this court to Compel Cars And Trucks For Sale By Owner, LLC

27  (hereinafter referred to as the "Respondent") to return a 1999 Cadillac Seville with Vehicle

28  Identification Number 1G6KS54Y9XU912115 (hereinafter referred to as the "Subject Vehicle")

1  which Subject Vehicle was repossessed in violation of the automatic stay, specifically pursuant to

2  Title 11 U.S.C. §362(a)(3).  Debtors' also request attorney fees and costs associated thereto in

3  bringing this matter before the court for the egregious violation of the automatic stay specifically

4  referred to herein above and the continued and on-going egregious violation of same for repeatedly

5  refusing to return the Subject Vehicle as documented herein below and the concurrently filed

6  declarations in support here of.  Debtors in support of this motion would state as follows:

7  1.  Debtors, as co-buyers, and Respondent entered into a formal purchase agreement on May 24,

8  2010 to purchase the Subject Vehicle, which true copy of said agreement is attached and

9  incorporated by reference to the concurrently filed Declaration of Guy Reynolds in Support

10  of Motion to Compel Return of Vehicle Repossessed in Violation of Title 11 U.S.C.

11  §362(a)(3) and Request for Associated Attorney Fees, Costs and for Sanctions as **Exhibit**

12  **One**.

13  2.  Debtors made two down payments: the first in the amount of Two Thousand Five Hundred

14  and 00/100 dollars ($2,500.00) by check on May 24, 2010,  which true copy of the check

15  which was honored in the amount of Two Thousand Five Hundred and 00/100 dollars

16  ($2,500.00) is attached and incorporated by reference to the concurrently filed Declaration of

17  Guy Reynolds in Support of Motion to Compel Return of Vehicle Repossessed in Violation

18  of Title 11 U.S.C. §362(a)(3) and Request for Associated Attorney Fees, Costs and for

19  Sanctions as **Exhibit Two**; and then a second on June 03, 2010 in the amount of One

20  Thousand and 00/100 dollars ($1,000.00) in cash, which true copy of the cash receipt

21  handwritten by Respondent indicating the stock number of the Subject Vehicle in the amount

22  of One Thousand and 00/100 dollars ($1,000.00) is attached and incorporated by reference to

23  the concurrently filed Declaration of Guy Reynolds in Support of Motion to Compel Return

24  of Vehicle Repossessed in Violation of Title 11 U.S.C. §362(a)(3) and Request for

25  Associated Attorney Fees, Costs and for Sanctions as **Exhibit Three.**

26  3.  Debtors subsequently filed their Chapter 13 Voluntary Petition in the San Jose Division of

27  the United States Bankruptcy Court for the Northern District of California on June 04, 2010.

28  4.  Debtors included Respondent on all requisite schedules in their initial filing of their

1   Voluntary Petition, Schedules and Statements filed with the Bankruptcy Court on June 04,

2   2010 which true copy of (1) Schedule B [Docket No. 1, page 13 of 37] is attached and

3   incorporated by reference to the concurrently filed Declaration of Guy Reynolds in Support

4   of Motion to Compel Return of Vehicle Repossessed in Violation of Title 11 U.S.C.

5   §362(a)(3) and Request for Associated Attorney Fees, Costs and for Sanctions as **Exhibit**

6   **Four**, which true copy of (2) Schedule C [Docket No. 1, page 15 of 37] is attached and

7   incorporated by reference to the concurrently filed Declaration of Guy Reynolds in Support

8   of Motion to Compel Return of Vehicle Repossessed in Violation of Title 11 U.S.C.

9   §362(a)(3) and Request for Associated Attorney Fees, Costs and for Sanctions as **Exhibit**

10  **Five**; and which true copy of (3) Schedule D [Docket No. 1, page 16 of 37] is attached and

11  incorporated by reference to the concurrently filed Declaration of Guy Reynolds in Support

12  of Motion to Compel Return of Vehicle Repossessed in Violation of Title 11 U.S.C.

13  §362(a)(3) and Request for Associated Attorney Fees, Costs and for Sanctions as **Exhibit**

14  **Six**.

15  5.   Debtors additionally adequately provided for Respondent's security interest in their Chapter

16      13 Plan [Docket No. 2] which true copy of said Chapter 13 Plan is attached and incorporated

17      by reference to the concurrently filed Declaration of Guy Reynolds in Support of Motion to

18      Compel Return of Vehicle Repossessed in Violation of Title 11 U.S.C. §362(a)(3) and

19      Request for Associated Attorney Fees, Costs and for Sanctions as **Exhibit Seven**.

20  6.   Respondent had adequate and sufficient notification of the Debtors' Chapter 13 Bankruptcy

21      Proceeding when the court administratively sent to all of Debtors' creditors the standard

22      "Notice of Chapter 13 Bankruptcy, Meeting of Creditors and Deadlines;" [Docket No. 7-1,

23      pages 1 through 3], which true copies of these pages are attached and incorporated by

24      reference to the concurrently filed Declaration of Guy Reynolds in Support of Motion to

25      Compel Return of Vehicle Repossessed in Violation of Title 11 U.S.C. §362(a)(3) and

26      Request for Associated Attorney Fees, Costs and for Sanctions as **Exhibit Eight**.

27  7.   Additionally the Debtors' Chapter 13 Plan [Docket No 7, page 1 of 3], the "Notice to

28      Creditors Regarding Plan Provisions" [Docket No. 7, page 2 of 3] and the "Order

1 | Establishing Procedures for Objection to Confirmation" [Docket No 7, page 3 of 3] which

2 | were also administratively sent by the court to all of Debtors' creditors provided Respondent

3 | with how the Debtors where providing for Respondent's security interest, how to interpret

4 | the plan provision and also the procedures to be taken in regard to any objections to the

5 | Debtors' Chapter 13 Plan provisions, which true copies of these documents are attached and

6 | incorporated by reference to the concurrently filed Declaration of Guy Reynolds in Support

7 | of Motion to Compel Return of Vehicle Repossessed in Violation of Title 11 U.S.C.

8 | §362(a)(3) and Request for Associated Attorney Fees, Costs and for Sanctions as **Exhibit**

9 | **Nine**.

10 | 7. Debtors' filed their 1st Amended Chapter 13 Plan [Docket No. 27 filed on April 10, 2011]

11 | and increased the per annum interest rates to Respondent and another creditor for an

12 | additional financed vehicle for these entities' security interests from 0% to 5.25% in an effort

13 | to be fair to these creditors to avoid any pending objections to confirmation from these

14 | entities which true copy of the 1st Amended Chapter 13 Plan is attached and incorporated by

15 | reference to the concurrently filed Declaration of Guy Reynolds in Support of Motion to

16 | Compel Return of Vehicle Repossessed in Violation of Title 11 U.S.C. §362(a)(3) and

17 | Request for Associated Attorney Fees, Costs and for Sanctions as **Exhibit Ten**.

18 | 8. On May 18, 2011 Guy Quientin Reynolds (hereinafter referred to as "Mr. Reynolds"

19 | received voicemail messages both on his personal cell phone and at his work from a person

20 | identifying himself as David Campbell and explaining that he was a fraud investigator in

21 | Santa Clara and he needed to speak to Mr. Reynolds "regarding a very serious matter" and to

22 | return the call to (916) 241-0282. Mr. Reynolds thought this was strange as he said he was

23 | from Santa Clara but the telephone number was a 916 area code which meant it was from

24 | somewhere near the Sacramento area. Mr. Reynolds immediately returned the phone calls

25 | and Mr. Campbell answered. He explained that the phone call was regarding the Respondent

26 | and specifically mentioned the Subject Vehicle further explaining that there hadn't been any

27 | payments made towards the Subject Vehicle in approximately a year. Mr. Reynolds

28 | confirmed the information conveyed to him by Mr. Campbell and then conveyed that the

Page 4 - MOTION TO COMPEL RETURN OF REPOSSESSED VEHICLE
IN VIOLATION OF THE AUTOMATIC STAY ...

In re Guy Reynolds & Mary Henderson
Case No. 10-55885-SLJ-13

Case: 10-55885    Doc# 43    Filed: 07/21/11    Entered: 07/21/11 09:47:58    Page 4 of 7

1 Debtors had filed for Chapter 13 bankruptcy protection and gave Mr. Campbell the name and

2 the San Jose office telephone number of their bankruptcy counsel. Mr. Campbell than asked

3 questions specifically regarding the bankruptcy proceeding itself and specifically asking if

4 the Debtors were current and making consistent payments to the trustee and if the trustee had

5 made any payments to the creditors. Mr. Reynolds didn't know the answers to these

6 questions and gave Mr. Campbell Devin Durham-Burk's name, address and telephone

7 number and said that Mr. Campbell should contact her and direct those answers to the

8 trustee. Mr. Campbell then asked, and Mr. Reynolds confirmed the Debtors home address

9 and Mr. Reynolds work address. In a subsequent phone conversation with Mr. Campbell that

10 same date Mr. Reynolds also gave him the Debtors' bankruptcy counsel's San Francisco

11 Office telephone number. Mr. Campbell then explained he would contact Mr. Reynolds the

12 next day, May 19, 2011 around 12:00 p.m.

13 9. On May 19, 2011 Mr. Reynolds never received that phone call from Mr. Campbell but was

14 told from a co-worker shortly after 12:00 p.m. that the Subject Vehicle had been towed away

15 from the parking area at Mr. Reynolds work. Please refer to the email from Mr. Reynolds to

16 Debtors' bankruptcy counsel dated May 20, 2011 documenting these conversations on May

17 18, 2011 and May 19, 2011 from paragraphs 8 and 9 herein above which true copy is

18 attached and incorporated by reference to the concurrently filed Declaration of Guy Reynolds

19 in Support of Motion to Compel Return of Vehicle Repossessed in Violation of Title 11

20 U.S.C. §362(a)(3) and Request for Associated Attorney Fees, Costs and for Sanctions as

21 **Exhibit Eleven**.

22 10. Drew Henwood, Debtors' bankruptcy counsel spoke with Ricardo a representative of

23 Respondent's on or about May 31, 2011 by telephone demanding the immediate return of the

24 Subject Vehicle. Mr. Henwood was told by Ricardo that the Debtors' had a check in the

25 amount of One Thousand and 00/100 dollars dishonored and returned to For Sale By Owner

26 for the downpayment on June 03, 2010. This was a totally false statement as the One

27 Thousand and 00/100 payment was a cash payment and not made by check. Please refer to

28 **Exhibit 03** in the concurrently filed Declaration of Guy Reynolds in Support of Motion to

1  Compel Return of Vehicle Repossessed in Violation of Title 11 U.S.C. §362(a)(3) and

2  Request for Associated Attorney Fees, Costs and for Sanctions which is a true copy of the

3  cash receipt for the cash payment on June 03, 2010, handwritten by Respondent indicating

4  the stock number of the Subject Vehicle and paragraph number ???? in the concurrently filed

5  Declaration of Drew Henwood in Support of Motion to Compel Return of Vehicle

6  Repossessed in Violation of Title 11 U.S.C. §362(a)(3) and Request for Associated Attorney

7  Fees, Costs and for Sanctions.

8  11.  Mr. Henwood contacted Ricardo a representative of Respondent's again on June 01, 2011 by

9  email explaining again the Debtors' bankruptcy protection status, forwarding the Debtors'

10  Chapter 13 Docket Report dated June 01, 2011 and giving Mr. Henwood's cell phone

11  number if there were any questions which true copy of said email is attached and

12  incorporated by reference to the concurrently filed Declaration of Drew Henwood in Support

13  of Motion to Compel Return of Vehicle Repossessed in Violation of Title 11 U.S.C.

14  §362(a)(3) and Request for Associated Attorney Fees, Costs and for Sanctions and **Exhibit**

15  **One**.

16  12.  Debtors' 1ˢᵗ Amended Chapter 13 Plan was confirmed by order of this court [Docket No. 41

17  filed and entered on June 27, 2011] which true copy of the order is attached and incorporated

18  by reference to the concurrently filed Declaration of Guy Reynolds in Support of Motion to

19  Compel Return of Vehicle Repossessed in Violation of Title 11 U.S.C. §362(a)(3) and

20  Request for Associated Attorney Fees, Costs and for Sanctions as **Exhibit Twelve**.

21  13.  At all times during the pendency of this Chapter 13 case Debtors have been current with their

22  Chapter 13 Plan payment obligations.

23  14.  Respondent's behavior in this matter is egregious for the continued and on-going egregious

24  violation of the automatic stay.  Debtors request that Respondent be ordered to pay for the

25  attorney fee, costs associated necessary to bringing this matter for hearing.

26  ///

27  //

28  /

1    **WHEREFORE**, the Debtors' request this court enter an order providing that:

2           a.    Respondent return the Subject Vehicle to Debtors' possession;

3           b.    Respondent be ordered to pay $750.00 in attorney fees;

4           c.    Respondent be order to pay sanctions in an amount to be determined by the court; and

5           d.    For such other and further relief as this court deems just and proper.

6

7    Respectfully submitted this 18th day of July, 2011.

8

9     /s/ Drew Henwood
     DREW HENWOOD, ESQ.
10   Attorney for Debtors herein
     Guy Quientin Reynolds and Mary Lynn Henderson
11
     The Law Offices of Drew Henwood
12   93Devine Street, Suite 100
     San Jose, CA  95110
13   California Bar No. 184529
     (408) 279-2730
14   (408) 279-2735 fax
     email: henwood.drew@gmail.com
15

16

17
     W:\BANKRUPTCY REFORM\Chapter 13 cases, confirmed and pending\Reynolds, Guy and Mary sj file July\Pleadings\Motion to Recover
18   Vehicles\Compel_Motion.wpd

19

20

21

22

23

24

25

26

27

28

Case: 10-55885    Doc# 43    Filed: 07/21/11    Entered: 07/21/11 09:47:58    Page 7 of 7